UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BROADCAST MUSIC, INC., et al.,           )
                                         )
            Plaintiffs,                  )
                                         )
    v.                                   )   No.  4:11CV1481 TIA
                                         )
MWS, LLC d/b/a FIFTEEN, and              )
MARK D. WINFIELD, individually,          )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants= Motion to Dismiss and/or for More Definite Statement (Docket No. 12).[1]  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. ' 636(c).

### I.  Facts

Taking all facts alleged in the Complaint as true and construing those facts in the light most favorable to the Plaintiffs,[2] the Court sets forth the following facts:

Plaintiff Broadcast Music, Inc. (ABMI@) is a performing rights society which licenses the right to publicly perform approximately 6.5 million copyrighted musical compositions.  (Complaint at  & 3).  The other named Plaintiffs are the copyright owners of the various musical

---

[1] The undersigned notes that Defendants did not provide a memorandum in support of their Motion to Dismiss and/or for More Definite Statement as required under the local rules.  See E.D.Mo. L.R. 7- 4.01(A) (AUnless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.@).  Because Defendants did not file a memorandum in support of their Motion to Dismiss, the Motion to Dismiss fails on this basis alone.  Nonetheless, the undersigned also concludes it should be denied on the merits.

[2] Farm Credit Servs. of America v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

compositions.  (Complaint at && 4-11).  Defendant MWS, LLC is a limited liability company organized under the laws of Missouri and operating as establishment known as Fifteen, located at 1900 Locust Avenue, St. Louis, Missouri, 63103-1641 (the AEstablishment@).  (Complaint at & 12).  In operating the business, Defendant MWS, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.  (Complaint at & 13).  Defendant MWS, LLC has the ability to supervise the activities of Defendant MWS, LLC and has a direct financial interest in the Establishment and the limited liability company.  (Complaint at && 14, 16).  Defendant Mark D. Winfield is a member of Defendant MWS, LLC with primary responsibility for the operation and management of that limited liability company and the Establishment.  (Complaint at & 15).

Plaintiffs allege five claims of willful copyright infringement based on Defendants= unauthorized public performance of musical compositions from the BMI repertoire on either December 10, 2010 or March 18, 2011.  (Complaint at & 18; Exhibit A, Schedule A).  Plaintiffs assert that the specific acts of copyright infringement alleged in the instant Complaint have caused Plaintiffs damage.  (Complaint at & 24).

On September 19, 2011, Defendants filed a Motion to Dismiss citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007).  Plaintiffs filed a Memorandum in Opposition to Defendants= Motion to Dismiss and/or Motion for More Definite Statement.  (Docket No. 13).

## II.  Legal Standards

The United States Supreme Court has held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint

˘ 2 ˘

fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.  Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 556 U.S. 662,   129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth.@  Id.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss.  Id.

Defendants alternatively seek a more definite statement of the claims asserted in the Complaint.  A party may make a motion for more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed.R.Civ.P. 12(e).  But, Fed.R.Civ.P. 8(a)(2) only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored."  Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp.2d 951, 959 (E.D. Mo. 2001) (collecting cases).  AA motion under Rule 12(e) is designed to strike at unintelligibilty in a pleading rather than want of detail."  Patterson v. ABS Consulting, Inc., No. 4:08CV697, 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009).  The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations.  Tinder, 207 F. Supp.2d at 960.  When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule12(e) before responding.  Id. at 514.

### III.   Discussion

The undersigned has reviewed the pleadings and the law and finds that neither dismissal under Fed. R. Civ. P. 12 nor the filing of an amended complaint is not warranted at this time.

In ruling on a motion to dismiss, the standard is the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).  On its face, the Complaint is not unintelligible, vague, or ambiguous such that Defendants cannot reasonably frame a response.  At this stage in the proceedings, Plaintiffs' Complaint meets this standard.  In relevant part, Plaintiffs allege five claims of willful copyright infringement based on Defendants' unauthorized public performance of musical compositions from the BMI repertoire on either December 10, 2010 or March 18, 2011. (Complaint at ¶ 18; Exhibit A, Schedule A).  The individual defendant should know whether he did these thing or not, so he can respond to these allegations.  Therefore, the undersigned will deny the Motion to Dismiss and/or for More Definite Statement.

Finally, the motion for more definite statement must also be denied.  A review of the Complaint shows that the Complaint contains a short and plain statement of the facts demonstrating the basis for Defendants' liability.  The Complaint meets the federal notice pleading standard of Fed.R.Civ.P. 8(a).  Further, if a defendant does not believe he or it can be held legally responsible, he or it should so state in an answer or file the appropriate motion after discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or for More Definite Statement (Docket No. 12) is **DENIED**.

       /s/ Terry I. Adelman  
       UNITED STATES MAGISTRATE JUDGE

Dated this   3rd   day of February, 2012.