UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BROADCAST MUSIC, INC., et al., )
)
       Plaintiffs, )
)
v. ) Case No. 4:11CV1481 TIA
)
MWS, LLC d/b/a FIFTEEN, et al., )
)
       Defendants. )

## MEMORANDUM AND ORDER

On August 8, 2013, the Court granted summary judgment in favor of Plaintiffs on the issue of liability for copyright infringement and directed the parties to submit supplemental briefing on the issues of statutory damages and attorney's fees and costs. (ECF No. 30). Plaintiffs filed a Supplemental Summary Judgment Brief Regarding Statutory Damages and Attorneys' Fees, Defendants filed a Memorandum in Opposition to Fees and Costs, and Plaintiffs filed a Reply thereto.

## Background

This an action for copyright infringement brought by Plaintiffs Broadcast Music, Inc. and individual copyright owners (collectively referred to as "BMI") pursuant to 17 U.S.C. § 101 et. seq. (the "Copyright Act"), against Defendants MWS, LLC ("MWS") and Mark D. Winfield ("Winfield"). (Compl. at ¶¶ 1, 3-11). BMI is a performing rights society which licenses the right to publicly perform copyrighted musical composition works on behalf of the copyright owners of these works, including music publishing companies and independent composers. BMI has been granted the right to license the public performance rights in 6.5 million copyrighted musical compositions, including those compositions which are alleged in the instant action to have been

infringed. (Id. at ¶ 3). The other named Plaintiffs are the copyright owners of the musical compositions which are the subject of this action. (Id. at ¶ 4). MWS is a limited liability company organized under the laws of Missouri, which operates, maintains and controls an establishment known as Fifteen ("Fifteen") in St. Louis, Missouri. (Id. at ¶ 12). MWS regularly features performances of live and recorded music. (Id. at ¶ 13). Winfield is a member of MWS with primary responsibility for the operation and management of MWS and Fifteen. (Id. at ¶ 15).

The Court ruled in the August 8, 2013 Memorandum and Order that Defendants MWS and Winfield are jointly and severally liable for the five acts of copyright infringement for the unauthorized public performance of five copyrighted musical compositions.

, statutory damages of $7,000.00 for each of the five acts of copyright infringement alleged in the complaint, costs, attorneys fees in the amount of $16,062.61, and interest on these awards.

### **Statutory Damages**

Under the Copyright Act, 17 U.S.C. § 504(a), an infringer of a copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages. The measure of damages is elected by the copyright owner. § 504(b) and (c). Here, the Plaintiffs have elected to seek statutory damages. 17 U.S.C. § 504(c) provides that a copyright owner may recover an award of statutory damages, with respect to any one work, "in a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

The amount of statutory damages depends in large part on whether the infringement was innocent or willful. 17 U.S.C. § 504(c)(1)-(2). In cases of willful infringement, the court may in its discretion increase the award of statutory damages to a sum of not more than $150,000.00. 17 U.S.C. § 504(c)(2). If in the case where the infringer "was not aware and had no reason to believe

that his or her acts constituted an infringement of copyright," the court may reduce the award of statutory damages to a sum of not less than $200.00. Id. Although the amount of damages awarded must fall within the statutory limits, the Court is afforded wide and almost exclusive discretion in determining the size of a statutory damage award in a copyright infringement case. Lorimar Music A. Corp. v. Black Iron Grill Co., 2010 WL 3022962, at *6 (W.D. Mo. July 20, 2010).

In awarding statutory damages, the court may consider the following factors: (1) expenses saved by defendants in connection with the infringements; (2) revenues lost by plaintiffs; and (3) whether the infringement was willful and knowing or accidental and innocent. Cross Keys Pub. Co., Inc. v. LL Bar T Land & Cattle Co., Inc., 887 F.Supp. 219, 224 (E.D. Mo. 1995). Courts generally agree that statutory damages should exceed unpaid licensing fees to emphasize that "it costs less to obey the copyright laws than to violate them." Id. (citing Music City Music v. Alfa Foods, Ltd., 616 F.Supp. 1001, 1003 (E.D. Va. 1985). "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]." Prater Music v. Williams, 5 USPQ2d 1813, 1816 (W.D. Mo. 1987). Another relevant factor is the size and nature of the defendant's business. In Broadcast Music, Inc. v. DeGallo, Inc., 872 F.Supp. 167 (D. N.J. 1995), the district court observed that the Copyright Act "was designed to deal with infringers ranging from relatively small nightclubs, such as the one presented here, to large scale pirates, broadcasting across the country on electronic media. With due allowance for the level of culpability involved, the penalty must be proportionate to the extent of the infringement." Id. at 169.

With regard to profits and losses associated with Defendant's infringements, BMI claims $25,212.60 in lost licensing fees for the time period from July 1, 2009 and June 30, 2013.

With regard to the willfulness of the infringements, the evidence establishes that on July 24,

2009, BMI first contacted Defendants advising them of the need to enter into a license agreement. Between July 2009 and April 2011, BMI sent letters and repeatedly advised them of the need to enter into a license agreement. BMI sales and licensing representatives sent thirty-two letters and called Defendants sixty-six times in an effort to convince them to enter into a licensing agreement for the music performed at Fifteen, or to cease using the compositions owned by Plaintiffs. Despite numerous letters and calls, Defendants never not executed a license agreement or paid any license fees. On July 16, 2010, BMI sent Defendants a letter instructing them to cease the public performance of BMI-licensed music.

Fifteen continued public performances of BMI-licensed music, and public performances of songs in the BMI repertoire were documented by BMI investigators. In the Certified Infringement Reports, BMI investigators identified three of the five compositions played at Fifteen on December 20, 2010 and March 18, 2011, which includes the songs that are the subject of this infringement action. The audio recording of the December 10, 2010 visit submitted for digital review through patented digital audio technology by Landmark Digital Services confirmed the performance of Baby Got Back. The audio recording of March 18, 2011 visit submitted for digital review confirmed the performance of Let It Rock and further identified the performance of Jessie's Girl and You Really Got Me, the other two of the five compositions which are alleged in the Complaint to have been performed by Fifteen. On April 7 and 11, 2011, BMI sent Fifteen letters advising of the investigation and notified Defendants that a copyright infringement had occurred on the premise of Fifteen. Defendants were not licensed by the Plaintiffs to publicly perform any of their musical compositions at Fifteen.

In determining whether a defendant has acted willfully for purposes of 17 U.S.C. § 504(c),

knowledge of the infringement need not be proven directly. Knitwaves, Inc. v. Lollytogs Ltd., Inc., 71 F.3d 996, 1010 (2d Cir. 2005) (quoting N.A.S. Import Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992)). Reckless disregard of the copyright holder's rights is sufficient to prove willfulness and may be inferred from the defendant's conduct. Id. (citing RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 779 (8th Cir. 1988)); see also Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 263-64 (2d Cir. 2005) (willful blindness to copyright holder's rights sufficient to prove willfulness); Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1382 (8th Cir. 1993) (stating that "[t]he standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility."). Based on the record, the Court finds Defendants' actions in repeatedly ignoring BMI's letters and phone calls constitute reckless disregard for Plaintiff's copyrights sufficient to support a finding of willfulness. Between July 2009 and April 2011, BMI sent letters and repeatedly advised Defendants of the need to enter into a license agreement. Despite numerous letters and calls, Defendants did not execute a license agreement or pay any license fees.

To assess whether Plaintiffs' requested award of $35,000.00 is appropriate, the Court is guided by a number of factors including past statutory damages awards. "Courts generally agree that statutory damages should exceed unpaid licensing fees to emphasize that it costs less to obey the copyright laws than to violate them." Sailor Music v. Twister's Iron Horse Saloon, L.C., 2011 WL 3349816, at * 2 (E.D. Mo. Aug. 3, 2011) (quoting Lorimar, 2010 WL 3022962, at *2-3)). In support of their request for $7,000.00 per infringement, Plaintiffs cite to numerous examples of federal district courts awarding damages in similar music licensing lawsuits. In light of these precedents, Plaintiffs contend their request for $7,000.00 is reasonable and appropriate.

Awards in other cases have been based on a multiplier of lost licensing fees, typically three times the amount the defendant would have paid if the defendant had properly obtained a license. Bertram Music Co. v. P & C Enters., Inc. 2011 WL 2633666, at *12 (C.D. Ill. July 5, 2011). The rationale behind this defacto treble damages award is "to put defendants on notice that it costs less to obey the copyright laws than to violate them." Broadcast Music, Inc. v. Pub. Dayton, LLC, 2011 WL 2118228, at *4 (S.D. Ohio May 27, 2011).

Plaintiffs seek an award of $35,000.00, an amount within the general trend of awarding damages of approximately three times the licensing fee. Considering the evidence, the Court concludes that this is a proper award of statutory damages on the record before it and is substantially less than three times the estimated license fees which would have been owed to Defendants. Accordingly, the Court finds this award satisfies the compensatory and deterrent goals of the Copyright Act.

**Attorneys Fees and Costs**

17 U.S.C. § 505 provides that "in any civil action under this title, the court in its discretion may allow the recovery of full cost by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Attorney's fees are routinely awarded to prevailing plaintiffs under the Copyright Act to encourage the prosecution of copyright infringement actions. Micromanipulator Co., Inc. v. Bough, 779 F.2d 255, 259 (5h Cir. 1985) ("Although attorney's fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely."). Award attorneys fees under § 505 "is a matter for the district court's equitable discretion to be exercised in an evenhanded manner by considering factors such as whether the

lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." Action Tapes, Inc. v. Mattson, 462 F.3d 1010, 1014 (8th Cir. 2006)(citation and internal quotation marks omitted); see Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 & n.19 (1994).

Plaintiffs argue that an attorney's fee award is appropriate in this case because Defendants' intentionally ignored their obligation under the Copyright Act and forced them into litigation to enforce their rights. Counsel for BMI has submitted a declaration setting out the number of hours spent litigating this action against Defendants, 63 hours, and the total lodestar amount of attorney and paralegal time at $14,993.75, including the professional discount of $2,098.75 given as part of its engagement with BMI. (Walter Decl. at ¶¶ 3-13). The costs incurred is $1,068.86, consisting of filing fees, process service fees, and legal research costs. (Id. at ¶ 14).

Defendants challenges Plaintiffs' request for attorneys fees contending the requested fees constitute a substantial fee award and question the propriety of the award.

Based on the factors set out above, the Court concludes that Plaintiffs are entitled to an award of reasonable attorneys fees which the Court determines to be $10,000.00 plus the full costs incurred in this action. The Court has taken into consideration the fact that the infringement was not large-scale piracy, and Defendants never entered into a licensing agreement during the pendency of this action.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs are awarded $35,000.00 in statutory damages ($7,000.00 for each of the five infringements), for which Defendants MWS, LLC and Mark D. Winfield are jointly and severally liable.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys fees in the amount of $10,000.00, and costs of $2,098.75, for a total award of $12,098.75.

/s/ Terry I. Adelman<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2014.